UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE ALLEN, JR.,

               Petitioner,               Case Number 19-12953
v.                                                Honorable David M. Lawson

LES PARISH,

               Respondent.
_____/

**ORDER DIRECTING RESPONDENT TO
FILE SUPPLEMENTAL RULE 5 MATERIALS AND CLERK TO AMEND CAPTION**

On September 30, 2019, petitioner William Lee Allen, Jr. filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court subsequently entered an order requiring the respondent to file an answer to the petition along with "the relevant transcripts, the relevant appellate briefs submitted by the petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5 [of the Rules Governing Section 2254 cases]." *See* ECF No. 2. The respondent filed an answer on April 14, 2020, along with two transcripts and portions of the trial and appellate court records. *See* ECF No. 5, 6.

After reviewing the record, the Court notes that the Rule 5 materials that were submitted by the respondent are incomplete. The Michigan Supreme Court remanded the petitioner's case to the trial court for an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), and a hearing was held on September 12, 2018. *See* Misc. Filings, ECF No. 6-10, PageID.309 (Alpena County Circuit Ct. Sept. 13, 2018). The Rule 5 materials that were submitted by the respondent do not include any transcript of the evidentiary hearing.

Rule 5 of the Rules Governing Section 2254 Cases instructs that "[t]he answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are

available, when they can be furnished, and what proceedings have been recorded but not transcribed." Rule 5(c), Rules Governing Section 2254 Cases. "The respondent must attach to the answer parts of the transcript that the respondent considers relevant," and "[t]he judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." *Ibid.* "If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." *Ibid.*

In the answer to the habeas petition, the respondent acknowledged the absence of the September 12, 2018 hearing transcript, where the respondent stated that "because Allen did not appeal the state trial court's decision following the evidentiary hearing to any appellate court, a transcript of the evidentiary hearing proceeding was not produced and thus cannot be provided at this time." However, the respondent represented that the State of Michigan was "in the process of having a transcript produced and [would] provide it to this Court as soon as it becomes available." Respondent's Answer, ECF No. 5, PageID.44. The respondent has submitted no further filings, and the transcript has not been supplied. The Court therefore will direct the respondent promptly to file supplemental materials including the hearing transcript

The Court also observes that the petitioner presently is incarcerated at the State of Michigan's Oaks Correctional Facility, and that Michael Burgess presently is the Warden of that institution. The proper respondent in a habeas proceeding under 28 U.S.C. § 2254 is the warden of the prison where the petitioner presently is incarcerated. *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), Rules Governing Section 2254 Cases, Rule 2(a). The Court therefore will direct the Clerk to amend the docket to substitute the proper respondent (Michael Burgess ) in place of the named respondent Les Warren.

- 3 -

Accordingly, it is **ORDERED** that, **on or before December 31, 2022**, the respondent must file supplemental Rule 5 materials including the transcript of the September 12, 2018 evidentiary hearing held in the Alpena County Circuit Court, or show cause why the respondent is unable to comply with this order.

It is further **ORDERED** that the Clerk of Court shall correct the docket to substitute Michael Burgess, Warden, in place of respondent Les Parish.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   November 30, 2022